# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS TYKI HOPKINS, #32513-177, | ) | |
|     Petitioner/Movant, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1031-N |
| | ) | (3:04-CR-135-H) |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct sentence brought, pursuant to 28 U.S.C. § 2255, by a federal prisoner.

Parties: Petitioner is presently confined within the Bureau of Prisons (B) at FCC Beaumont. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Movant pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The trial court assessed punishment at 189 months imprisonment, and a five-year term of supervised release. The remaining seven counts were dismissed on the government's motion. Movant appealed. The Fifth Circuit Court of Appeals affirmed the judgment and sentence. *See United States v. Hopkins*, No. 05-10624 (5th Cir. Aug. 28, 2006). On June 11, 2007, Movant

filed this § 2255 motion. In his first three grounds, he alleges the trial court failed to admonish him about his trial rights and about sentencing, and failed to ensure his plea was voluntary. In his fourth ground, he alleges that his plea was involuntary because he mistakenly believed that, in light of *United States v. Booker*, 542 U.S. 220 (2005), the district court could not consider relevant conduct in determining his sentence. In his fifth ground, he asserts he was denied the effective assistance of counsel when counsel failed to present objections to the pre-sentence report that he had requested. He claims the court refused to allow him an opportunity to discuss sentencing issues with his attorney, denied his request to withdraw his guilty plea, and declined to appoint new counsel when Movant complained in open court that counsel did not represent him properly.

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides in part as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

This § 2255 motion does not present any basis for collateral relief and should be summarily dismissed.

Movant's first four grounds were raised and addressed on direct appeal. Movant concedes as much in his § 2255 motion. Grounds previously litigated and rejected on direct appeal, cannot be re-urged in a post-conviction motion pursuant to 28 U.S.C. § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

In his fifth ground, Movant complains of ineffective assistance of counsel at sentencing.

Movant's plea agreement contains a waiver of post-conviction remedies. The agreement provides, in relevant part, that:

> [Movant] waives his rights conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. [Movant], however, reserves the rights to bring: (a) a direct appeal of a sentence exceeding the statutory maximum punishment, and (b) a claim of ineffective assistance of counsel.

(*See* Plea Agreement at ¶ 11).

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement. *See United States v. White*, 307 F.3d 336, 340-41 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights)); *United States v. McKinney*, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-*Booker,* a waiver of appeal rights that was signed prior to the issuance of *Booker* ). *See also United States v. Bond*, 414 F.3d 542 (5th Cir. 2005) (same as *McKinney*). However, this waiver must be informed and voluntary. The trial court must ensure that the defendant fully understands these rights and the consequences of a waiver. *Wilkes*, 20 F.3d at 653 (citing *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Apart from the grounds raised and addressed on direct appeal, Movant makes no claim that his waiver was not knowingly made, or that he received ineffective assistance in connection with the validity of the waiver or the plea itself. *White*, 307 F.3d at 343-44 (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Rather, Movant focuses solely on his counsel's ineffective assistance at sentencing. (*See* § 2255 Mot.). Because Movant fails to demonstrate how ineffective assistance of counsel affected the validity of the plea agreement itself, his waiver

of post-conviction relief is valid and his claim of ineffective assistance of counsel at sentencing is barred. *See White*, 307 F.3d at 343-44 (ineffective assistance of counsel allegations that do not question the validity of the waiver, or the plea itself, are barred as a result of the waiver of post-conviction relief). Nevertheless, the Court will examine his claim on the merits.

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S. Ct. 2052 (1984). An increase in prison sentence, resulting from an error in Sentencing Guidelines determination, generally constitutes prejudice required for establishing ineffective assistance of counsel at sentencing. *Glover v. United States*, 531 U.S. 198, 202-204, 121 S. Ct. 696 (2001).

Movant's allegations of ineffective assistance of counsel at sentencing are wholly conclusory. He asserts that counsel failed to present the objections to the pre-sentence report that he had requested. He, however, fails to identify any non-frivolous issue that could have been raised to the pre-sentence report. His § 2255 motion is silent as to the objections he asked counsel to raise. While the Court must construe a *pro se* § 2255 motion liberally, conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements regarding government conspiracy were insufficient to state a constitutional claim in a § 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (citing *Ross v. Estelle*, 694 F.2d 1008) (conclusory allegations cannot serve as the basis for a claim of

ineffective assistance of counsel in a § 2255 proceeding).

The sentencing transcript reflects that Counsel met with Movant to discuss the pre-sentence report, well before the objection deadline. (Sentencing Transcript (Sent. Tr.) at 3). Since he saw no objectionable material, counsel did not file objections to the pre-sentence report. (*Id.*). A week before sentencing, and long after the deadline for filing objections, counsel received a letter from Movant listing objections to the pre-sentence report that he wanted counsel to raise at sentencing. (*Id.* at 11). Counsel advised Movant by phone that he did not believe the proposed objections were proper. (*Id.*). This in turn prompted Movant at sentencing to request a continuance, appointment of new counsel, and to withdraw his guilty plea, which the court denied.

In essence Movant claims counsel was ineffective because he refused to raise objections to the pre-sentence report, which he did not find objectionable. Insofar as Movant complains that the pre-sentence report contained relevant conduct, which under *Booker* he felt should not have been considered at sentencing, his claim is likewise meritless. At sentencing, Movant's counsel explained to the court that Movant's objection was groundless, and that he had explained to him that the Sentencing Guidelines are discretionary and advisory. (Sent. Tr. at 3). The court agreed with counsel's explanation. (*Id.*). Counsel is not required to raise frivolous objections. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").

Assuming *arguendo* that counsel's refusal to present the objections fell below an objective standard of reasonableness, Movant has shown no prejudice, i.e. that he received a sentence in excess of that prescribed under the Sentencing Guidelines. *See Glover*, 531 U.S. at

5

202-204. In fact, as the sentencing transcript reflects, his attorney was successful in persuading the government to dismiss the remaining seven counts despite the strength of the evidence. (Sent. Tr. at 13). The dismissed counts included the 18 U.S.C. § 924(c) count (using, carrying and possessing a firearm in relation to drug trafficking), which would have resulted in a consecutive, mandatory five-year sentence. (*Id.*).

Movant's allegations do not demonstrate either deficient performance or prejudice on the part of defense counsel. Accordingly, his fifth ground should be summarily dismissed.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DISMISSED summarily. *See* Rule 4 of the Rules Governing § 2255 proceedings.

A copy of this recommendation will be mailed to Movant.

Signed this 29th day of November, 2007.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.